**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LAMBERTO MEDRANO-ALVAREZ,

       Plaintiff,

    v.                                     No. 22-CV-151

CORECIVIC, INC.,
WARDEN CHAD MILLER,
in his individual capacity, and
OFFICER PINE,
in his individual capacity,

       Defendants.

**COMPLAINT FOR DAMAGES**

Plaintiff Lamberto Medrano-Alvarez, by and through undersigned counsel, brings this action under 42 U.S.C § 1983 for violations of his civil rights suffered while in the custody and care of Defendants CoreCivic, Inc. (hereinafter "Defendant CoreCivic"), Defendant Warden Chad Miller, in his individual capacity, and Defendant Officer Pine, in his individual capacity. Plaintiff additionally brings state-law claims of battery and negligent hiring, supervision, training and retention.

**<u>INTRODUCTION</u>**

This case arises from the deprivation of Plaintiff's civil rights by the use of excessive force from Defendant Officer Pine while Plaintiff was in Defendant CoreCivic's custody. The factual allegations of this case demonstrate that the use of excessive force was unnecessary and in wanton disregard of Plaintiff's civil rights. Defendant CoreCivic and Defendant Warden Miller have a custom and/or policy of unlawfully using excessive force when it is not warranted and of falsifying, or incorrectly or misleadingly reporting facts in incident reports to allege circumstances that would

1

warrant the use of excessive force. Last, Plaintiff brings state-law claims of battery against Defendant Officer Pine and negligent hiring, supervision, training and retention against Defendants CoreCivic and Warden Miller.

## **PARTIES**

1.      Plaintiff Lamberto Medrano-Alvarez is, and was at all relevant times, an inmate at Defendant CoreCivic's Cibola County Correctional Center in Grants, New Mexico. Plaintiff was under the care and custody of Defendants CoreCivic, Warden Chad Miller, and Officer Pine.

2.      Defendant CoreCivic is a private contractor systematically organized to manage prison facilities, which operates the Cibola County Correctional Center in Milan, New Mexico. At all relevant times, Defendant CoreCivic employed, retained, trained, and exercised direct supervisory control over Defendant Pine and Defendant Warden Miller.

3.      Defendant Warden Miller, is, or was at the relevant time, the warden for Cibola County Correctional Center, in charge of supervising and training Officer Pine, and Defendant Warden Miller is, or was at the relevant time, an employee, agent, or otherwise under the supervisory control of Defendant CoreCivic at the Cibola County Correctional Center, who, at the time of the events described herein, was providing services in the facility. At all relevant times, Warden Miller was acting under the color of law within the scope of his duties and employment.

4.      Defendant Officer Pine is, or was at the relevant time, an employee, agent, or otherwise under the supervisory control of CoreCivic at the Cibola County Correctional Center, who, at the time of the events described herein, was providing services in the facility. At all relevant times, the Officer Pine acting under the color of law within the scope of his duties and employment.

2

**JURISDICTION AND VENUE**

5.    This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3).

6.    The United States District Court for the District of New Mexico is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

**FACTUAL ALLEGATIONS**

7.    On March 1, 2019, Plaintiff was an inmate at Cibola County Correctional Center.

8.    Plaintiff is 58 years old.

9.    On that date, Plaintiff was in the Security Housing Unit ("SHU") recreational yard.

10.    Plaintiff was exercising in the recreational yard.

11.    At the end of Plaintiff's recreational time, Defendant Officer Pine began to escort Plaintiff to SHU Alpha where Plaintiff's cell was located.

12.    During all relevant times, Plaintiff was handcuffed with his arms behind his back.

13.    Once inside SHU Alpha, Defendant Officer Pine ordered that Plaintiff take a shower immediately.

14.    Plaintiff declined by stating to Defendant Officer Pine that he will shower after he goes to the restroom.

15.    Plaintiff suggested to Defendant Officer Pine that he ask his cellmate to shower first so Plaintiff could go to the restroom first and shower after using the restroom.

16.     Defendant Officer Pine stated to Plaintiff that he must take a shower when it is offered to him by a correctional officer and that Plaintiff could not decline Defendant Officer Pine's command.

17.     This made Defendant Officer Pine upset, and as both were approaching the segregation doors to SHU Alpha, Defendant Officer Pine told Plaintif to face the wall, to which Plaintiff obeyed.

18.     At that point, Plaintiff was not looking at Defendant Officer Pine and Plaintiff was obeying Defendant Officer Pine's commands.

19.     Defendant Officer Pine then proceeded to push Plaintiff to the corridor wall.

20.     Defendant Officer Pine then placed his left leg underneath Plaintiff's legs in a sweeping motion and slammed him to the ground.

21.     Defendant Officer Pine then placed his knees on Plaintiff's body when Plaintiff was on the ground, Defendant Officer Pine then moved Plaintiff's handcuffed arms and moved them upwards while placing his bodyweight on Plaintiff.

22.     Onlooking staff then separated Defendant Officer Pine from Plaintiff.

23.     Plaintiff was then taken to his cell.

24.     Plaintiff noticed his own blood on his wrists and then noticed that his shoulder was out of place.

25.     Plaintiff was transported to Cibola Hospital approximately three days after the incident where medical staff evaluated him.

26.     Defendant Officer Pine used such great force that Plaintiff suffered a fractured right clavicle, a head concussion, lacerations on his wrists, and a spine injury.

27.    Defendant Officer Pine falsely, incorrectly, and/or misleadingly reported that Plaintiff attempted to headbutt him and as a result he had to use force.

28.    Defendant CoreCivic and its staff, including Defendant Officer Pine, falsely, incorrectly, and/or misleadingly reported that Plaintiff did not sustain any injuries.

29.    Plaintiff did nothing to provoke this use of excessive force from Defendant Officer Pine and merely got into a verbal disagreement with Defendant Officer Pine.

30.    Plaintiff now forgoes his recreational time at the recreational yard due to fear that an incident that would deprive him of his rights may occur again.

31.    Plaintiff has been advised by medical staff to forego strenuous exercising as a result of his broken clavicle.

## COUNT I
## VIOLATIONS OF THE EIGHTH AND/OR FOURTEENTH AMENDMENTS
## BY ALL DEFENDANTS UNDER 42 U.S.C. § 1983

32.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

33.    The Eighth Amend\ment and the Fourteenth Amendment provide protections to convicted persons in state custody to safeguard them from cruel and unusual punishment—including the unnecessary and wanton infliction of pain.

34.    Defendant Pine used excessive force against Plaintiff by pushing him against a wall and slamming him into the ground when Plaintiff was not violating any rule was not acting disruptively. Defendant Pine's violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff Abdul pain, suffering, physical injury, and emotional distress.

35.    Defendant Pine did not have a need to use force upon Plaintiff as he was handcuffed and did not provoke a physical altercation.

36.     Defendant Pine's use of force was not reasonable under the circumstances.

37.     Defendant Pine failed to use as little force as necessary to control the situation.

38.     By supervising Defendant Pine's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant Warden Miller is also violating Plaintiff's rights under the Eighth Amendment to the United States Constitution and causing Plaintiff pain, suffering, physical injury, and emotional distress.

39.     Defendants CoreCivic, Warden Miller, and Officer Pine acted under pretense and color of state law.

40.     Defendants CoreCivic, Warden Miller, and Officer Pine proximately caused Plaintiff to suffer damages.

41.     Defendants CoreCivic and Warden Miller have a policy or custom where their officers escalate situations and use excessive force in situations where such force is unwarranted.

42.     Defendants CoreCivic and Warden Miller have a policy or custom where officers falsely, incorrectly, and/or misleadingly report situations in an attempt to justify the use of excessive force by their correctional officers.

43.     As a result of the foregoing, Defendants CoreCivic, Warden Miller, and Officer Pine deprived Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, and Plaintiff suffered and continues to suffer the damages alleged.

## COUNT II
## BATTERY

44.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

45.     Defendant Officer Pine battered Plaintiff when he intended to cause a harmful or offensive contact upon Plaintiff when he proceeded to push Plaintiff to the corridor wall, then placed his left leg underneath Plaintiff's legs in a sweeping motion and slammed him to the ground, placed his knees on Plaintiff's body when Plaintiff was on the ground, and Defendant Officer Pine then moved Plaintiff's handcuffed arms and moved them upwards while placing his bodyweight on Plaintiff.

46.     Defendant Officer Pine applied force in such a manner as to cause Plaintiff imminent fear of being struck and to cause great bodily harm.

47.     Defendant Officer Pine's use of force was completely unnecessary because Plaintiff did not cause harm to anyone, and no person was at risk of harm.

48.     Defendant Officer Pine had no reasonable belief that Plaintiff was dangerous.

49.     Defendant CoreCivic is liable for the actions of Defendant Officer Pine under *respondeat superior*.

50.     Plaintiff suffered damages in the form of physical injuries, pain, suffering, medical costs, and emotional distress as a result of the Defendant Officer Pine's actions.

## COUNT III
## NEGLIGENT HIRING, SUPERVISION, TRAINING, AND RETENTION

51.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

52.     Defendant CoreCivic and Defendant Warden Miller oversaw the hiring, supervising, training and retaining Defendant Officer Pine.

53.     Defendant CoreCivic and Defendant Warden Miller owed a duty to Plaintiff to adequately hire, supervise, train and retain Defendant Officer Pine to reasonably protect and ensure the safety of inmates, including Plaintiff, at Cibola County Correctional Center.

54.    Defendant Officer Pine's battery and deprivation of Plaintiff's rights constitute Defendant CoreCivic's and Defendant Warden Miller's negligent hiring, supervision, training and retention of Defendant Officer Pine.

55.    By failing to hire, supervise, and train Defendant Officer Pine so that he would not batter or deprive Plaintiff of his civil rights, and by the continued retention of Defendant Officer Pine, Defendant CoreCivic and Defendant Warden Miller breached their duty to Plaintiff.

56.    Defendant CoreCivic's and Defendant Warden Miller's failure to adequately hire, train, and supervise, and the retention of Defendant Officer Pine, directly and proximately caused injuries to Plaintiff.

57.    Plaintiff suffered damages in the form of physical injuries, pain, suffering, medical costs, and emotional distress as a result of Defendant Officer Pine's actions, and Defendant CoreCivic's and Defendant Warden Miller's hiring, supervision, training and retention of Defendant Officer Pine.

**JURY DEMAND**

Plaintiff respectfully demands a jury on all issues so triable.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf and against Defendants CoreCivic, Warden Miller and Officer Pine for:

A. Compensatory damages;

B. Punitive damages;

C. Past and future pain, suffering, and mental anguish;

D. Past and future loss of the value of the enjoyment of life, and past and future emotional distress;

E.  Reasonable attorneys' fees and costs incurred in bringing this action, including expert fees, pursuant to 42 U.S.C. § 1988; and

F.  Such other and further relief as the Court deems just.

DATED: February 28, 2022

Respectfully Submitted,

*/s/ Ramón A. Soto*

Ramón A. Soto
Nicholas T. Hart
Harrison & Hart, LLC
924 Park Ave. SW
Suite E
Albuquerque, NM 87102
P: 505-295-3261
ramon@harrisonhartlaw.com
nick@harrisonhartlaw.com

*Attorneys for Plaintiff*

9