IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAMBERTO MEDRANO-ALVAREZ,

       Plaintiff,

v.                                                                                                              No. CIV 22-00151 RB/LF

CORECIVIC, INC., WARDEN CHAD
MILLER, in his individual capacity, and
OFFICER PINE, in his individual capacity,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

      Plaintiff Lamberto Medrano-Alvarez, an inmate at the Cibola County Correctional Center (CCCC), alleges that Defendant Officer Pine used excessive force on him without cause, resulting in injuries. He brings federal and state claims against Pine, CoreCivic, Inc., and Warden Chad Miller. Defendants move to dismiss some of the claims. Medrano-Alvarez opposes the motion and also moves to amend his Complaint. The Court will grant the motion to dismiss and grant the motion to amend in part.

**I.**       **The Court grants Defendants' motion to dismiss.**

      **A.**       **Statement of Facts**[1]

      Medrano-Alvarez is an inmate at CCCC. (Doc. 1 (Compl.) ¶ 1.) CoreCivic is a private contractor that manages CCCC. (*Id.* ¶ 2.) At all times relevant to this Complaint, Miller was the Warden and Pine an employee of CCCC. (*Id.* ¶ 3.) On March 1, 2019, Pine escorted Medrano-Alvarez from the recreation yard to his cell in the Special Housing Unit (SHU).[2] (*Id.* ¶¶ 7, 9–11.)

---

[1] The Court recites all factual allegations in a light most favorable to Medrano-Alvarez.

[2] Medrano-Alvarez refers to this unit as the "Security Housing Unit" (Compl. ¶ 9), but "Defendants affirmatively allege that the correct name of the housing unit is the 'Special Housing Unit.'" (Doc. 6 at 2 n.1.)

Medrano-Alvarez "was handcuffed with his arms behind his back." (*Id.* ¶ 12.) Once inside the SHU, Pine ordered Medrano-Alvarez to shower. (*Id.* ¶ 13.) Medrano-Alvarez declined, stating he would shower after he used the restroom. (*Id.* ¶ 14.) Pine became upset at Medrano-Alvarez's refusal to shower and told him to face the wall. (*Id.* ¶ 17.) Pine then allegedly pushed Medrano-Alvarez, performed a leg sweep, and slammed him to the ground. (*Id.* ¶¶ 19–20.) Pine put his knees and bodyweight on Medrano-Alvarez's body and moved his handcuffed arms upwards. (*Id.* ¶ 21.)

Staff separated the two and took Medrano-Alvarez to his cell. (*Id.* ¶¶ 22–23.) Medrano-Alvarez went to the hospital three days later and was assessed with a fractured right clavicle, a concussion, lacerations to the wrists, and a spine injury. (*Id.* ¶¶ 25–26.) Pine allegedly wrote a false report stating that Medrano-Alvarez had tried to headbutt him, which necessitated the use of force, and that Medrano-Alvarez did not sustain any injuries. (*Id.* ¶¶ 27–28.)

Medrano-Alvarez brings the following claims:

Count I: Violations of the Eighth and/or Fourteenth Amendments against all Defendants under 42 U.S.C. § 1983 (*id.* ¶¶ 32–43);

Count II: State law claim for battery against Pine and against CoreCivic under a theory of respondeat superior (*id.* ¶¶ 44–50); and

Count III: State law claim for negligent hiring, supervision, training, and retention against CoreCivic and Miller (*id.* ¶¶ 51–57).

Defendants move to dismiss the Eighth Amendment claim against Miller and CoreCivic; the Fourteenth Amendment claim against all Defendants; and the negligent hiring, supervision, training, and retention claim. (Doc. 6.) Medrano-Alvarez responds in opposition and, separately, moves to amend his complaint. The Court turns first to the motion to dismiss.

### B. Motion to Dismiss Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Emps.' Ret. Sys. of R.I. v. Williams Cos.*, 889 F.3d 1153, 1161 (10th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quotation omitted). The Court will "accept as true 'all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quotation omitted).

### C. Medrano-Alvarez concedes that the Fourteenth Amendment claim is improper.

Medrano-Alvarez brings a claim for excessive force under both the Eighth and Fourteenth Amendments. (*See* Compl. ¶¶ 32–43.) Defendants assert that "because the Eighth Amendment provides an explicit textual source for Plaintiff's claims, the Court should dismiss Plaintiff's substantive due process claim under the Fourteenth Amendment . . . as duplicative." (Doc. 6 at 7 (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)).) Medrano-Alvarez agrees that the Eighth Amendment applies and that the identical claim brought under the Fourteenth Amendment should be dismissed. (Doc. 9 at 1 n.1.) Accordingly, the Court will dismiss Count I with prejudice to the extent that it is brought under the Fourteenth Amendment.

### D. The Court dismisses without prejudice the Eighth Amendment claims against Miller and CoreCivic.

Medrano-Alvarez does not allege that Miller "personally participated in an underlying constitutional violation[,]" so any claim he brings against the warden is "predicated on his maintaining a policy or custom that resulted in the underlying violation." *See Burke v. Regalado*, 935 F.3d 960, 999 (10th Cir. 2019). As a result, "the elements for supervisory and municipal

liability are the same in this case." *See id.* To hold CoreCivic or Miller liable under the Eighth Amendment, Medrano-Alvarez must show: (1) a policy or custom; (2) "a causal relationship between the policy or custom and the underlying violation[;] and ([3]) deliberate indifference." *See id.* (citation omitted).

The Tenth Circuit has found that a policy or custom may take one of five forms:

> (1) a formal regulation or policy statement; (2) an informal custom amounting to a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; (3) the decisions of employees with final policymaking authority; (4) the ratification by such final policymakers of the decisions—and the basis for them—of subordinates to whom authority was delegated subject to these policymakers' review and approval; or (5) the failure to adequately train or supervise employees, so long as that failure results from deliberate indifference to the injuries that may be caused.

*Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1283 (10th Cir. 2019) (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). The second and fifth forms are at issue here.

In the Complaint, Medrano-Alvarez alleges that CoreCivic and Miller have a policy or custom that allows officers to "escalate situations and use excessive force . . . where such force is unwarranted" and to later "falsely, incorrectly, and/or misleadingly report situations in an attempt to justify the use of excessive force . . . ." (Compl. ¶¶ 41–42.) He alleges only one incident to support a showing of these informal policies or customs—the one involving himself and Pine. (*See* Compl.) Defendants argue that this single incident is not sufficient to show a policy or custom. (*See* Doc. 6 at 6.) The Court agrees.

"Establishing an informal policy or custom requires the plaintiff to show that the misconduct was 'widespread'—*i.e.*, that it involved a 'series of decisions.'" *Griego v. City of Albuquerque*, 100 F. Supp. 3d 1192, 1212 (D.N.M. 2015) (quoting *City of St. Louis v. Praprotnik*,

485 U.S. 112, 127 (1988)). To make allegations sufficient to show an informal policy, custom, or practice,

> the plaintiff can plead either a pattern of multiple similar instances of misconduct— no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible—or use other evidence, such as a police officers' statements attesting to the policy's existence.

*Id.* at 1213. Here, Medrano-Alvarez does not plead multiple similar instances of excessive force or of falsified reports, but only vaguely asserts that CoreCivic and Miller have policies or customs that enable excess force and falsified reports. (*See* Compl. ¶¶ 41–42.)

Medrano-Alvarez asserts that there is precedent to show that a single incident may be sufficient to demonstrate a policy or custom. (Doc. 9 at 10.) He cites two cases in support: *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) and *Dubbs v. Head Start, Inc.*, 336 F.3d 1194 (10th Cir. 2003). In *Pembaur*, the Supreme Court found that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." 475 U.S. at 480. The holding is inapplicable here, where Medrano-Alvarez alleges no conduct or decisions made by a policymaker, but by Pine. The *Dubbs* decision is also inapposite. There, the Tenth Circuit examined municipal liability against the Tulsa Community Action Project (CAP) on the basis of direct, not vicarious, liability. 336 F.3d at 1216. "The constitutional violation alleged in [*Dubbs* was] the performance of medical examinations on Head Start children on the basis of forms that would not be understood by a typical reasonable person as constituting parental consent." *Id.* The plaintiffs alleged that CAP's use of the forms constituted an unconstitutional municipal policy and practice and "that, by arranging the examinations without [knowing] consent, CAP directly violated the children's Fourth Amendment rights." *Id.* at 1216–17. Medrano-Alvarez does not allege that CoreCivic or Miller directly violated his constitutional rights. Without additional,

5

specific supporting facts, Medrano-Alvarez's vague allegations of customs or policies are insufficient to show an informal practice that will withstand a motion to dismiss.

In his response brief, Medrano-Alvarez summarily asserts that his Eighth Amendment claim against CoreCivic and Miller is also premised on a failure to train and supervise. (Doc. 9 at 8–9.) The Complaint does not mention "failure to train" as a basis for liability in Count I. (*See* Compl. ¶¶ 32–43.) Even under a generous reading of the entire Complaint, the Court finds that Medrano-Alvarez fails to adequately allege a § 1983 failure to train claim. To establish a failure to train claim, "he must demonstrate: (i) that an officer committed an underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged." *See Griego*, 100 F. Supp. 3d at 1226 (citing *Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2006)). Medrano-Alvarez's claim fails at the second prong. Medrano-Alvarez summarily alleges that Miller and CoreCivic were responsible for training Pine and failed to adequately train him. (Compl. ¶¶ 2–3, 52–54.) "These allegations are conclusory, and the Court need not accept them as true." *See Griego*, 100 F. Supp. 3d at 1227–28. "They are supported by neither a pattern of similar instances nor other evidence, such as statements from police officers or other [CCCC] insiders, or written training materials or oral commands." *See id.* at 1228. "Such support is necessary; [Medrano-Alvarez] must plead facts that, if true, give rise to a plausible inference that the policy he alleges exists." *See id.* (citation omitted). Because he does not, the Court will dismiss his Eighth Amendment claim against Miller and CoreCivic.

### E. The Court dismisses the negligent hiring, supervision, training, and retention claim.

Medrano-Alvarez also asserts a claim for negligent hiring, supervision, training, and retention under state law. (Compl. ¶¶ 51–57.) To state a claim for negligent hiring and retention, a plaintiff must allege: (1) "the employee was unfit, considering the nature of the employment and

6

the risk he posed to those with whom he would foreseeably associate," (2) "the employer knew or should have known that the employee was unfit[,]" and (3) "the negligent hiring or retention of the employee [was] the proximate cause of the injury." *Valdez v. Warner*, 742 P.2d 517, 519–20 (N.M. Ct. App. 1987) (citations omitted); *see also Lessard v. Coronado Paint & Decorating Ctr.*, 168 P.3d 155, 165 (N.M. Ct. App. 2007). To state a claim for negligent supervision and training, a plaintiff must allege: (1) "the defendant employed the employee in question," (2) "the defendant knew or should have known that hiring, retaining, and/or supervising the employee would create an unreasonable risk of injury to a plaintiff," (3) "the defendant failed to use ordinary care in hiring, retaining, and or supervising the employee, and" (4) "the defendant's negligence in hiring, retaining, and/or supervising the employee was a cause of the plaintiff's injury." *Amparan v. Demir*, 234 F. Supp. 3d 1110, 1125 (D.N.M. 2017), *aff'd sub nom. Amparan v. Lake Powell Car Rental Cos.*, 882 F.3d 943 (10th Cir. 2018) (citing UJI 13–1647 NMRA; *Lessard*, 168 P.3d at 165, 167–68).

Defendants argue that this count should be dismissed because Medrano-Alvarez fails to adequately allege that Defendants knew Pine was unfit or would create a risk of injury to the inmates. (Doc. 6 at 8.) The Court agrees. The Complaint contains no facts to show that CoreCivic or Miller knew that Pine was unfit or posed a risk of harm to CCCC inmates. The Court will dismiss the claim without prejudice.

II.     **The Court grants in part the motion to amend.**

    A.     **Motion to Amend Standard**

Federal Rule of Civil Procedure 15 allows a party to amend its pleading once as a matter of course in limited circumstances. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend its pleading with "opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

7

Rule 15 directs that leave shall be freely given "when justice so requires." *Id.* "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)) (internal citation omitted). A court may deny a motion for leave to amend where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. . . ." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) (citing *Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)). "The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim . . . ." *Id.* (citations omitted).

  **B.**  **Analysis**

Medrano-Alvarez seeks to amend his complaint to address the deficiencies Defendants alleged in their motion to dismiss. (*See* Doc. 21 at 1.) Defendants oppose the motion on the grounds that the amendments are futile and that allowing the amendment will prejudice them. (*See* Doc. 22 at 1–2.) The Court turns first to whether the proposed amended claims are futile.

    **1.**  **The Eighth Amendment claim regarding a policy or custom of allowing excessive force fails for futility, but the claim regarding a policy or custom of falsifying reports remains.**

In his proposed amended complaint, Medrano-Alvarez reasserts that CoreCivic and "Miller have a custom and/or policy where their officers escalate situations and use excessive force . . . ."

8

(Doc. 21-1 (Am. Compl.) ¶ 30.) Again, this statement is conclusory and insufficient to show a policy or custom. He adds an allegation that "Pine had a history of using excessive force upon inmates prior to and during his employment at [CCCC]." (*Id.* ¶ 38.) The Court finds that this allegation is more closely related to a failure to train Pine himself, rather than to a facility-wide policy allowing excessive force. To the extent Medrano-Alvarez brings a § 1983 claim based on a policy or custom of excessive force, the claim is futile and the motion to amend is denied in part.

On the other hand, Medrano-Alvarez adds a factual allegation regarding a policy or custom of false reports that merits mention: he asserts that CoreCivic and Miller were *actively involved* in falsely reporting that Pine's use of force was justified and that Medrano-Alvarez did not sustain any injuries.[3] (*See* Am. Compl. ¶¶ 28–29 (asserting that all three defendants filed a false report of the incident).) Defendants do not specifically discuss this new allegation, but they do acknowledge that § 1983 liability may lie where a plaintiff alleges unconstitutional conduct by a policymaker. (*See* Doc. 22 at 6.) Because Defendants fail to develop any argument concerning this new allegation, the Court will allow the § 1983 claim based on a policy or custom of false reports to go forward.

>    **2.      The Eighth Amendment claim regarding a policy or custom of failing to train or supervise remains.**

Medrano-Alvarez adds factual allegations sufficient to demonstrate a § 1983 failure-to-train claim against CoreCivic and Miller. (*See, e.g.*, Am. Compl. ¶¶ 34–41, 55, 60.) Defendants do not renew their argument that Medrano-Alvarez fails to state a failure-to-train claim. (*See* Doc.

---

[3] Medrano-Alvarez's other allegations regarding an alleged policy or custom of false reports (*see, e.g.*, Am. Compl. ¶¶ 33, 35) still constitute mere "conclusions or a formulaic recitation of the elements of [the] cause of action" and are insufficient by themselves to plead a policy or custom. *See Griego*, 100 F. Supp. 3d at 1206 (quoting *Iqbal*, 556 U.S. at 678).

22.) Accordingly, the Court grants the motion to amend with respect to an Eighth Amendment claim against CoreCivic and Miller premised on a failure-to-train theory.

### 3. The state law claim for negligent hiring and retention fails.

Defendants argue that the allegations in the proposed amended complaint are conclusory and fail to state a claim for negligent hiring and retention. (Doc. 22 at 8.) To state a claim, Medrano-Alvarez must allege that: (1) Pine "was unfit, considering the nature of the employment and the risk he posed to those with whom he would foreseeably associate," (2) CoreCivic and Miller "knew or should have known that the employee was unfit[,]" and (3) "the negligent hiring or retention of [Pine was] the proximate cause of the injury." *See Valdez*, 742 P.2d at 519–20 (citations omitted). Defendants argue that Medrano-Alvarez fails to include any allegations to show that CoreCivic and Miller knew or should have known that Pine was unfit for employment at CCCC. (*See* Doc. 22 at 8–9.) The Court agrees and denies the motion to amend on this basis.

### 4. The state law claim for negligent supervision and training remains.

Defendants argue that the proposed amended complaint is inadequate in that it fails to identify the particular deficiencies in Defendants' training program that caused the alleged injuries. (*Id.* at 10.) To state a claim, Medrano-Alvarez must allege that (1) CoreCivic and Miller employed Pine, (2) they "knew or should have known that hiring, retaining, and/or supervising [Pine] would create an unreasonable risk of injury[,]"; (3) CoreCivic and Miller "failed to use ordinary care in hiring, retaining, and or supervising [Pine], and" (4) their "negligence in hiring, retaining, and/or supervising [Pine] was a cause of [Medrano-Alvarez's] injury." *See Amparan*, 234 F. Supp. 3d at 1125.

Defendants, relying on *Linkewitz v. Robert Heath Trucking, Inc.*, No. CV 13-0420 WPL/RHS, 2013 WL 12138884 (D.N.M. Aug. 13, 2013), argue that the claim fails at the third

10

prong. (Doc. 22 at 9–10.) In *Linkewitz*, the plaintiff sued, in relevant part, a trucking company (RHT) and the company's driver for injuries suffered in a collision. 2013 WL 12138884, at *1. The plaintiff's "negligent training and supervision claims rel[ied] most directly on allegations that RHT fail[ed] to properly train[,] . . . monitor . . . [and] supervise [the driver], that RHT breached its duty to use ordinary care in . . . training . . . and supervising its drivers, and that this breach served as a direct and proximate cause of his injuries." *Id.* at *6 (internal citations and quotation marks omitted). The court found that because the plaintiff failed to allege "what [the] purported deficiencies in training and supervision actually were[,]" the allegations were conclusory and insufficient to state a claim. *Id.* Defendants contend that as in *Linkewitz*, there are not enough facts in the proposed amended complaint "to identify *what* the training consisted of and *how* that training was deficient." (Doc. 22 at 10.) The Court disagrees. Medrano-Alvarez alleges that "Pine had a history of using excessive force . . . during his employment at [CCCC]" and that there were "multiple instances where [Pine] falsely, incorrectly, and/or misleadingly reported use of force situations where force was unwarranted."[4] (Am. Compl. ¶ 35.) Despite these incidents, CoreCivic and Miller allegedly failed to properly train Pine "to use force only in situations where it is warranted, and to only use force as a last resort." (*Id.* ¶ 40.) The Court finds Medrano-Alvarez has alleged facts sufficient to identify how Defendants' training was deficient and that these deficiencies contributed to the injuries he suffered. This claim will remain.

    **5.    Defendants fail to show prejudice.**

Finally, Defendants argue that allowing Medrano-Alvarez to amend the complaint will prejudice them. (Doc. 22 at 11–12.) "Prejudice under [Rule] 15 means 'undue difficulty in . . .

---

[4] Defendants argue that the proposed amended complaint does not assert that Pine's history of using excessive force "occurred *prior* to the subject incident . . . ." (Doc. 22 at 8.) The Court declines to read the allegations so narrowly.

[defending] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" *U.S. for Use & Benefit of Cortez III Serv. Corp. v. PMR Constr. Servs., Inc.*, No. CV 00-0133 JC/KBM, 2000 WL 36739561, at *2 (D.N.M. Sept. 22, 2000) (quoting *Schmitt v. Beverly Health and Rehab. Servs., Inc.*, 993 F. Supp. 1354, 1365 (D. Kan. 1998)). Defendants shoulder "the burden of showing prejudice." *Id.* (citation omitted).

> The Tenth Circuit has held that denial of a motion to amend is justified as unduly prejudicial to the defendant in the following circumstances: where a plaintiff raises a unique or rare claim immediately before trial; where a plaintiff raises a claim that could have been included in the original complaint; where the amended complaint requires different elements of proof; or where many key individuals would have to be deposed again.

*Id.* (gathering cases). The Court finds that Defendants fail to satisfy their burden to show prejudice under the relevant standard.[5]

Defendants claim that they will be prejudiced because they will have to "engage in additional discovery and incur considerable expenses" for claims that they insist are futile. (Doc. 22 at 11–12.) Yet, Medrano-Alvarez has not asserted any new claims in the proposed amended complaint; he has only added facts in support of his original claims. Defendants fail to show that the addition of factual allegations to support the original claims is unduly prejudicial.

**III.   Conclusion**

After granting the motion to dismiss the original complaint and granting in part the motion to amend, the following claims remain:

<u>Count I – Violations of the Eighth Amendment under 42 U.S.C. § 1983</u>: The Court dismisses this claim to the extent that it alleges a policy or custom of allowing excessive force.

---

[5] The parties discuss a case from the Third Circuit in discussing prejudice. (*See* Docs. 21 at 1; 22 at 11 (discussing *Cureton v. Nat'l Coll. Athletic Ass'n*, 252 F.3d 267 (3d Cir. 2001)).) The Court declines to analyze this issue under out-of-circuit authority in the face of clear, binding precedent from the Tenth Circuit.

The claim remains against CoreCivic and Miller to the extent that it alleges a policy or custom of falsifying reports or a policy or custom of failure to train or supervise. The Eighth Amendment claim also remains as to Pine.

Count II – Battery: This claim remains in full.

Count III – Negligent hiring, supervision, training, and retention: The Court dismisses the claim for negligent hiring or retention. The claim for negligent training and supervision remains.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. 6) is **GRANTED**;

**IT IS FURTHER ORDERED** that Medrano-Alvarez's Opposed Motion for Leave to File First Amended Complaint (Doc. 21) is **GRANTED IN PART** as described in this Opinion. Medrano-Alvarez shall file the proposed amended complaint (Doc. 21-1) within **seven days** of this Opinion;

**IT IS FURTHER ORDERED** that Defendants may file an appropriate response pursuant to Rule 15(a)(3) within 14 days after Medrano-Alvarez files his amended complaint.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE