**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LAMBERTO MEDRANO-ALVAREZ,

        Plaintiff,

    v.                                       No. 22-CV-151-RB-LF

CORECIVIC, INC.,
WARDEN CHAD MILLER,
in his individual capacity, and
OFFICER PINE,
in his individual capacity,

        Defendants.

**<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>**

Plaintiff Lamberto Medrano-Alvarez, by and through undersigned counsel, brings this action under 42 U.S.C § 1983 for violations of his civil rights suffered while in the custody and care of Defendants CoreCivic, Inc. (hereinafter "Defendant CoreCivic"), Defendant Warden Chad Miller, in his individual capacity, and Defendant Officer Pine, in his individual capacity.

**INTRODUCTION**

This case arises from the deprivation of Plaintiff's civil rights by the use of excessive force from Defendant Officer Pine while Plaintiff was in Defendant CoreCivic's custody. The factual allegations of this case demonstrate that the use of excessive force was unnecessary and in wanton disregard of Plaintiff's civil rights. Defendant CoreCivic and Defendant Warden Miller have a custom and/or policy of falsifying, incorrectly, and/or misleadingly reporting facts in incident reports to allege circumstances that would warrant the use of excessive force.

1

## PARTIES

1.      Plaintiff Lamberto Medrano-Alvarez is, and was at all relevant times, an inmate at Defendant CoreCivic's Cibola County Correctional Center in Grants, New Mexico. Plaintiff was under the care and custody of Defendants CoreCivic, Warden Chad Miller, and Officer Pine.

2.      Defendant CoreCivic is a private contractor systematically organized to manage prison facilities, which operates the Cibola County Correctional Center in Milan, New Mexico. At all relevant times, Defendant CoreCivic employed, retained, trained, and exercised direct supervisory control over Defendant Officer Pine and Defendant Warden Miller.

3.      Defendant Warden Miller is, or was at the relevant time, the warden for Cibola County Correctional Center, in charge of supervising and training Officer Pine, and Defendant Warden Miller is, or was at the relevant time, an employee, agent, or otherwise under the supervisory control of Defendant CoreCivic at the Cibola County Correctional Center, who, at the time of the events described herein, was providing services in the facility. At all relevant times, Warden Miller was acting under the color of law within the scope of his duties and employment.

4.      Defendant Officer Pine is, or was at the relevant time, an employee, agent, or otherwise under the supervisory control of CoreCivic at the Cibola County Correctional Center, who, at the time of the events described herein, was providing services in the facility. At all relevant times, Defendant Officer Pine acting under the color of law within the scope of his duties and employment.

## JURISDICTION AND VENUE

5.      This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Sections 1331 and 1343 (a)(3).

6.      The United States District Court for the District of New Mexico is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## FACTUAL ALLEGATIONS

7.      On March 1, 2019, Plaintiff was an inmate at Cibola County Correctional Center.

8.      Plaintiff is 58 years old.

9.      On that date, Plaintiff was in the Special Housing Unit ("SHU") recreational yard.

10.     Plaintiff was exercising in the recreational yard.

11.     At the end of Plaintiff's recreational time, Defendant Officer Pine began to escort Plaintiff to SHU Alpha where Plaintiff's cell was located.

12.     During all relevant times, Plaintiff was handcuffed with his arms behind his back.

13.     Once inside SHU Alpha, Defendant Officer Pine ordered that Plaintiff take a shower immediately.

14.     Plaintiff declined by stating to Defendant Officer Pine that he would like to shower after he goes to the restroom.

15.     Plaintiff suggested to Defendant Officer Pine that he ask his cellmate to shower first so Plaintiff could go to the restroom first and shower after using the restroom.

16.     Defendant Officer Pine stated to Plaintiff that he must take a shower when it is offered to him by a correctional officer and that Plaintiff could not decline Defendant Officer Pine's command.

17.     Plaintiff's statements made Defendant Officer Pine angry, and as both were approaching the segregation doors to SHU Alpha, Defendant Officer Pine told Plaintiff to face the wall, to which Plaintiff obeyed.

18.     At that point, Plaintiff was not looking at Defendant Officer Pine. Nonetheless, Plaintiff was obeying Defendant Officer Pine's commands.

19.     Defendant Officer Pine then proceeded to push Plaintiff to the corridor wall.

20.     Defendant Officer Pine then placed his left leg underneath Plaintiff's legs in a sweeping motion and slammed him to the ground.

21.     Defendant Officer Pine then placed his knees on Plaintiff's body when Plaintiff was on the ground. Defendant Officer Pine then moved Plaintiff's handcuffed arms and moved them upwards while placing his bodyweight on Plaintiff.

22.     Onlooking staff then separated Defendant Officer Pine from Plaintiff.

23.     Plaintiff was taken to his cell after Defendant Officer Pine's use of excessive force.

24.     Plaintiff noticed his own blood on his wrists and then noticed that his shoulder was out of place.

25.     Plaintiff requested medical attention.

26.     Plaintiff was transported to Cibola Hospital approximately three days after the incident where medical staff evaluated him.

27.     Defendant Officer Pine used such great force that Plaintiff suffered a fractured right clavicle, a head concussion, lacerations on his wrists, and a spine injury.

28.     Defendant CoreCivic, Defendant Warden Miller, and Defendant Officer Pine falsely, incorrectly, and/or misleadingly reported that Plaintiff attempted to headbutt him and as a result he had to use force.

29.     Defendant CoreCivic, Defendant Warden Miller, and Defendant Officer Pine falsely, incorrectly, and/or misleadingly reported that Plaintiff did not sustain any injuries.

30.     Defendant CoreCivic and Defendant Warden Miller have a policy and/or custom where officers falsely, incorrectly, and/or misleadingly report situations in an attempt to justify the use of excessive force by their correctional officers.

31.     Defendant CoreCivic and Defendant Warden Miller have a policy and/or custom where officers falsely, incorrectly, and/or misleadingly report facts and circumstances in their use of force reports to justify the use of excessive force by their correctional officers.

32.     This false, incorrect, and/or misleading reporting of the facts and circumstances are standard practice at Cibola County Correctional Center. Accurately reporting the facts and circumstances in use of force reports are well-established best practices for jails and prisons.

33.     Defendant CoreCivic and Defendant Warden Miller oversaw the hiring, supervision, training, and retention of Defendant Officer Pine.

34.     Upon information and belief, Defendant Officer Pine had multiple instances where he falsely, incorrectly, and/or misleadingly reported use of force situations where force was unwarranted.

35.     Upon information and belief, Defendant Officer Pine was not qualified to be a correctional officer at Cibola County Correctional Center.

36.     Upon information and belief, Defendant Officer Pine was not competent to be a correctional officer at Cibola County Correctional Center.

37.     Upon information and belief, Defendant Officer Pine had a history of using excessive force upon inmates prior to and during his employment at Cibola County Correctional Center.

38.     Despite Defendant Officer Pine's continued false, incorrect, and/or misleading reporting in use of force situations where force was unwarranted, Defendant CoreCivic and Defendant Warden Miller continued to employ and negligently retained Defendant Officer Pine.

39.     Defendant CoreCivic and Defendant Warden Miller negligently trained Defendant Officer Pine by failing to properly train him to use force only in situations where it is warranted, and to only use force as a last resort.

40.     Defendant CoreCivic and Defendant Warden Miller negligently supervised Defendant Officer Pine by failing to properly supervise him so he would use force only in situations where it is warranted and only to use force as a last resort.

41.     Plaintiff did nothing to provoke this use of excessive force from Defendant Officer Pine and merely got into a verbal disagreement with Defendant Officer Pine.

42.     Plaintiff while incarcerated avoided his recreational time at the recreational yard due to fear that an incident that would deprive him of his rights may occur again.

43.     Plaintiff was advised by medical staff to forego strenuous exercising as a result of his broken clavicle.

44.     Plaintiff was deported to Mexico in July 2022 without ever receiving appropriate treatment for his broken clavicle or his spine injury.

## COUNT I
## VIOLATIONS OF THE EIGHTH AMENDMENT
## BY ALL DEFENDANTS UNDER 42 U.S.C. § 1983

45.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

46.     The Eighth Amendment provide protections to convicted persons in state custody to safeguard them from cruel and unusual punishment—including the unnecessary and wanton infliction of pain.

47.    Defendant Officer Pine used excessive force against Plaintiff by pushing him against a wall and slamming him into the ground when Plaintiff was not violating any rule was not acting disruptively. Defendant Pine's violated Plaintiff's rights under the Eighth Amendment to the United States Constitution and caused Plaintiff pain, suffering, physical injury, and emotional distress.

48.    Defendant Officer Pine did not have a need to use force upon Plaintiff as he was handcuffed and did not provoke a physical altercation.

49.    Defendant Officer Pine's use of force was not reasonable under the circumstances.

50.    Defendant Officer Pine failed to use as little force as necessary to control the situation.

51.    Defendants CoreCivic and Warden Miller have a policy or custom where correctional officers falsely, incorrectly, and/or misleadingly report situations in an attempt to justify the use of excessive force by their correctional officers.

52.    Defendants CoreCivic and Warden Miller have a policy and/or custom where officers falsely, incorrectly, and/or misleadingly report facts and circumstances in their reports to justify the use of excessive force by their correctional officers.

53.    At all relevant times, Defendant CoreCivic and Defendant Warden Miller had a duty to train, supervise, and discipline their employees and agents.

54.    Defendant CoreCivic and Defendant Warden Miller breached that duty, in part, by:

   a. Improperly training, authorizing, encouraging or directing correctional officers on proper use of force.

   b. Failing to discipline correctional officers that falsely, misleadingly, and/or incorrectly reported facts and circumstances in use of force reports.

c.  Failing to discipline officers for violations of policy related to excessive force.

55.    The policy, pattern of practice, or custom of condoned misconduct is tacitly or overtly sanctioned, as evidenced by the conduct of Defendant Officer Pine and Defendant CoreCivic's and Defendant Warden Miller's failure to train, supervise, train, and discipline Defendant Officer Pine amounting in a deliberate indifference to Plaintiff's constitutional rights.

56.    Defendants CoreCivic, Warden Miller, and Officer Pine acted under pretense and color of state law.

57.    Defendants CoreCivic, Warden Miller, and Officer Pine proximately caused Plaintiff to suffer damages.

58.    By supervising Defendant Officer Pine's illegal action, failing to correct that misconduct, and encouraging the continuation of the misconduct, Defendant CoreCivic and Defendant Warden Miller are also violating Plaintiff's rights under the Eighth Amendment to the United States Constitution and causing Plaintiff pain, suffering, physical injury, and emotional distress.

59.    As a result of the foregoing, Defendants CoreCivic, Warden Miller, and Officer Pine deprived Plaintiff of rights, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution, and Plaintiff suffered and continues to suffer the damages alleged.

**COUNT II**
**BATTERY**

60.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

61.     Defendant Officer Pine battered Plaintiff when he intended to cause a harmful or offensive contact upon Plaintiff when he proceeded to push Plaintiff to the corridor wall, then placed his left leg underneath Plaintiff's legs in a sweeping motion and slammed him to the ground, placed his knees on Plaintiff's body when Plaintiff was on the ground, and Defendant Officer Pine then moved Plaintiff's handcuffed arms and moved them upwards while placing his bodyweight on Plaintiff.

62.     Defendant Officer Pine applied force in such a manner as to cause Plaintiff imminent fear of being struck and to cause great bodily harm.

63.     Defendant Officer Pine's use of force was completely unnecessary because Plaintiff did not cause harm to anyone, and no person was at risk of harm.

64.     Defendant Officer Pine had no reasonable belief that Plaintiff was dangerous.

65.     Defendant CoreCivic is liable for the actions of Defendant Officer Pine under *respondeat superior*.

66.     Plaintiff suffered damages in the form of physical injuries, pain, suffering, medical costs, and emotional distress as a result of the Defendant Officer Pine's actions.

**COUNT III**
**NEGLIGENT TRAINING AND SUPERVISION**

67.     Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

68.     Defendant CoreCivic and Defendant Warden Miller were in charge of supervising and training Defendant Officer Pine.

69.     Defendant CoreCivic and Defendant Warden Miller owed a duty to Plaintiff to adequately supervise and train Defendant Officer Pine to reasonably protect and ensure the safety of inmates, including Plaintiff, at Cibola County Correctional Center.

70.     Defendant Officer Pine's battery and deprivation of Plaintiff's civil rights constitute Defendant CoreCivic's and Defendant Warden Miller's negligent supervision and training of Defendant Officer Pine.

71.     By hiring Defendant Officer Pine, an unqualified person to work as a correctional officer at Cibola County Correctional Center, and by failing to supervise and train Defendant Officer Pine so that he would not batter or deprive Plaintiff of his civil rights, Defendant CoreCivic and Defendant Warden Miller breached their duty to Plaintiff.

72.     Defendant CoreCivic's and Defendant Warden Miller's negligent supervision and training of Defendant Officer Pine directly and proximately caused injuries to Plaintiff.

73.     Plaintiff suffered damages in the form of physical injuries, pain, suffering, medical costs, and emotional distress as a result of Defendant Officer Pine's actions and Defendant CoreCivic's and Defendant Warden Miller's supervision and training of Defendant Officer Pine.

## JURY DEMAND

Plaintiff respectfully demands a jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment on his behalf and against Defendants CoreCivic, Warden Miller and Officer Pine for:

A. Compensatory damages;

B. Punitive damages;

C. Past and future pain, suffering, and mental anguish;

D. Past and future loss of the value of the enjoyment of life, and past and future emotional distress;

E.  Reasonable attorneys' fees and costs incurred in bringing this action, including expert

fees, pursuant to 42 U.S.C. § 1988; and

F.  Such other and further relief as the Court deems just.

DATED: December 19, 2022                    Respectfully Submitted,

                                            /s/ Ramón A. Soto_____

                                            Ramón A. Soto
                                            **THE SOTO LAW OFFICE, LLC**
                                            300 Central Ave. SW
                                            Suite 2500W
                                            Albuquerque, New Mexico 87102
                                            Office: (505) 273-4062
                                            Fax: (505) 494-1092
                                            ramon@sotolawoffice.co

                                            *Attorneys for Plaintiff*

11