IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAMBERTO MEDRANO-ALVAREZ,

        Plaintiff,

vs.                                            1:22-cv-00151-RB-LF

CORECIVIC, INC, CHAD MILLER, Warden,
in his individual capacity, and FNU PINE, in his
individual capacity,

        Defendants.

**ORDER ADOPTING JOINT STATUS REPORT
AND PROVISIONAL DISCOVERY PLAN
AND SETTING CASE MANAGEMENT DEADLINES
<u>AND DISCOVERY PARAMETERS</u>**

THIS MATTER came before the Court on a Rule 16 scheduling conference held on February 16, 2023. Following a review of the attorneys' Joint Status Report and Provisional Discovery Plan filed on February 9, 2023, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of 25 Interrogatories by each party to any other party;

    b)    Maximum of 25 Requests for Production by each party to any other party;

    c)    Maximum of 25 Requests for Admission by each party to any other party;

    d)    Maximum of 10 depositions by Plaintiff and 10 depositions by Defendants; and

    e)    Depositions of all witnesses, except parties and experts, are limited to 4 hours, unless extended by agreement of the parties. Depositions of parties and experts are limited to 7 hours, unless extended by agreement of the parties.

Service of written discovery shall be considered timely only if the responses are due prior to the deadline. A notice to take deposition shall be considered timely only if the deposition takes place prior to the deadline.

The Court sets the following case management deadlines:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with FED. R. CIV. P. 15(a)(2): | March 16, 2023 |
| b) | Deadline for Defendant to amend and join additional parties by written consent or to seek the Court's leave to amend and join additional parties in compliance with FED. R. CIV. P. 15(a)(2): | April 17, 2023 |
| c) | Plaintiff's Rule 26(a)(2) expert disclosure:[1] | June 15, 2023 |
| d) | Defendant's Rule 26(a)(2) expert disclosure:[1] | July 17, 2023 |
| e) | Termination date for discovery: | August 15, 2023 |
| f) | Motions relating to discovery to be filed by:[2] | July 5, 2023 |
| g) | Pretrial motions other than discovery motions (including motions which may require a *Daubert* hearing)[3] filed by: | September 15, 2023 |

Judge Brack will set the pretrial order deadlines at a later date.

Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express, written approval obtained for any modification of the case

---

[1] Parties must disclose the names of all expert witnesses, including treating physicians, the subject matter on which the experts will present evidence, and a summary of the facts and opinions to which the experts are expected to testify by this date. Experts who are retained or specifically employed to provide expert testimony also must submit an expert report by this date. The parties must have their retained expert(s) ready to be deposed when they identify them and provide their reports. Expert witnesses who are not required to provide a written report may be deposed before summary disclosure.

[2] This deadline should not be construed to extend the 21-day time limit in D.N.M.LR-Civ. 26.6. The Court will permit the parties to extend the 21-day time limit for filing a motion to compel pursuant to Local Rule 26.6 by written stipulation filed with the Court, as long as the extension does not impact the court-ordered discovery motions deadline.

[3] This deadline applies to motions related to the admissibility of experts or expert testimony that may require a *Daubert* hearing, but otherwise does not apply to motions in limine. The Court will set a deadline for filing motions in limine in a separate order.

management deadlines set forth herein. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline.

The Court will not entertain any motion to resolve a discovery dispute pursuant to FED. R. CIV. P. 26 through 37, or a motion to quash or modify a subpoena pursuant to FED. R. CIV. P. 45(c), unless the attorney for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to filing the motion. Every certification required by FED. R. CIV. P. 26(c) and 37 and the rules related to the efforts of the parties to resolve discovery or disclosure disputes must describe with particularity the steps taken by all attorneys to resolve the issues in dispute. A "reasonable effort to confer" means more than mailing or faxing a letter to the opposing party. It requires that the parties in good faith converse, confer, compare views, consult, and deliberate, or in good faith attempt to do so. Absent exceptional circumstances, parties should converse in person or telephonically.

The parties must supplement their disclosures or discovery responses pursuant to FED. R. CIV. P. 26(e)(1) within fourteen (14) days of learning any disclosure or response is incomplete or incorrect. After the close of discovery, parties must supplement their disclosures or discovery responses as soon as possible, but no later than seven (7) days after learning of the need to supplement.

If the parties require a protective order to protect confidential documents and information, the parties must review the Court's guidelines for protective orders found on the Court's website at https://www.nmd.uscourts.gov/content/honorable-laura-fashing under the "Procedures" tab. Any proposed protective orders that do not comply with the guidelines will be summarily denied.

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge