IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAMBERTO MEDRANO-ALVAREZ,

        Plaintiff,

vs.                                          1:22-cv-00151-RB-LF

CORECIVIC, INC, CHAD MILLER, Warden,
in his individual capacity, and FNU PINE, in his
individual capacity,

        Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

This case has been referred to me for a settlement conference. *See* D.N.M.LR-Civ. 16.2(a). The Court will hold the upcoming settlement conference via Zoom. The invitation to the Zoom meeting will be docketed as a separate docket entry, and will be viewable only by the parties. Counsel are responsible for ensuring that each of their settlement conference participants have the information necessary to participate in the settlement conference by Zoom. The Court asks that all settlement conference participants log in to the Zoom conference fifteen minutes prior to the starting time in case there are any technical issues that need to be addressed prior to the conference. Having conferred with counsel about a mutually-convenient date, time, and location,

**IT IS HEREBY ORDERED that <u>all parties and their lead counsel shall appear</u> before me via Zoom on <u>Friday, June 16, 2023, at 9:00 a.m.</u>** <span style="color:red">**Recording or broadcasting of this hearing is prohibited.**</span> An insured party or an uninsured corporate party shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative

resides in another state). *See* D.N.M.LR-CIV. 16.2 (c). A party's personal appearance is intended to increase the efficiency and effectiveness of the settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement. A party's request to be excused must be made in writing no later than five calendar days before the conference. *See* D.N.M.LR-CIV. 16.2 (d).

Experience teaches that settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. **Accordingly, at least twenty-one (21) calendar days prior to the date of the settlement conference,** plaintiff's[1] counsel shall serve on defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that, in plaintiff's view, establishes liability; (b) a brief explanation of why damages or other relief appropriately would be granted at trial; (c) an itemization of any claimed damages, including any special damages—i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages—that states the exact dollar amount plaintiff is claiming for each category; and (d) a settlement demand.

**At least fourteen (14) calendar days** before the settlement conference, defense counsel shall serve on plaintiff's counsel a letter that sets forth at least the following information: (a) any points in plaintiff's letter with which the defense agrees; (b) any points in plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c)

---

[1] The words "plaintiff" and "defendant" include the plural form of the words if the case involves multiple plaintiffs and/or defendants. The attorney for each plaintiff and defendant must comply with the terms of this order. If an attorney represents more than one plaintiff or defendant, the attorney must comply with the terms of this order with respect to each of his/her clients.

a settlement offer.[2]  If a release is contemplated, defense counsel shall include a proposed form of release with its counteroffer.  If defendant disagrees with the amount of special damages plaintiff has claimed, defendant's counteroffer must state the dollar amount defendant believes to be correct for each category.  For example, if plaintiff claims $1,000 in past medical expenses, and defendant believes the correct amount of past medical expenses is $500, defendant's letter must clearly state that plaintiff's past medical expenses amount to $500.  It is insufficient to merely say, "defendant disagrees that plaintiff has $1,000 in past medical expenses."

If a dispute about special damages exists, counsel shall (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting his or her position on special damages to the conference.

Each of these letters typically should be five or fewer pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference.  If settlement authority for any party is provided by a committee, that party must ensure that the committee reviews any opposing party's letter before finalizing settlement authority.  Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[3]

**At least seven (7) calendar days** before the conference, plaintiff's counsel shall provide me copies of the letters exchanged between the parties.  In addition, each party must provide me,

---

[2] The settlement offer must be definite, meaning that it must state a single amount with no variables.  For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

[3] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

in confidence, a concise letter (typically no more than seven pages) containing a brief summary

of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case;

weaknesses of the case; status of discovery; identification of any pending motions; an outline or

itemization of damages or relief requested; status of settlement negotiations to date; and the

names of the individuals who will be attending the conference and in what capacity. This

confidential letter must not be a mere restatement of the letter served on opposing counsel. All

matters communicated to me in the confidential letter will be kept confidential, and will not be

disclosed to any other party, or to the trial judge. Once the Court reads the letters provided, it

may arrange a pre-settlement conference.

Furthermore, if any party has in its possession any video or audio recordings of the

incident upon which this action is based, that party must send me a copy of the recording at least

**seven (7) calendar days** before the conference. All materials submitted to the Court, including

correspondence, exhibits, video and audio files, should be forwarded to the Court via email to

fashingchambers@nmd.uscourts.gov. Files that are too large to email should be delivered to

chambers on a flash/thumb drive or CD.

At the settlement conference, counsel should be prepared to discuss the factual and legal

highlights of their cases. Separate, confidential caucuses will be held with each party and the

party's representative. Attached is an outline for counsel to review with their clients before the

settlement conference to make the best use of the time allotted.

In the days immediately preceding the settlement conference, if either party believes that

negotiation attempts would not be fruitful at the time set for the conference for any reason (for

example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the

parties should contact my chambers to schedule a status conference to discuss the concern. The

Court may contact a party *ex parte* prior to the settlement conference after receiving the parties'

settlement statements.  If any party objects to these *ex parte* communications, the party should

clearly state its objection in the settlement letter to the Court.  Otherwise, the Court will presume

that the parties consent to this procedure.

**IN SUMMARY:**

| | |
|---|---|
| **Plaintiff's letter due to defendant:** | **May 26, 2023** |
| **Defendant's letter due to plaintiff:** | **June 2, 2023** |
| **All letters (and any audio/video recordings) due to Court:** | **June 9, 2023** |

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge

5

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result.  Settlement conferences can be held more efficiently if all parties and counsel are prepared.  The following are some areas to consider to aid in the effectiveness of this settlement conference.

A.    FORMAT

    1.    Parties with ultimate settlement authority **must** be personally present.

    2.    The Court will use a mediation format, and private caucusing with each side.  The judge may address your client directly.

B.    ISSUES

    1.    What issues (in and outside of this lawsuit) need to be resolved?  What are the strengths and weaknesses of each issue?  What is your most persuasive argument?

    2.    What remedies are available resulting from this litigation or otherwise?

    3.    Is there any ancillary litigation pending/planned which affects case value?

    4.    Do you have enough information to value the case?  If not, how are you going to get more information before the conference?

    5.    Do attorneys fees or other expenses affect settlement?  Have you communicated this to the other side?

C.    AUTHORITY

    1.    Are there outstanding liens?  Have you verified amounts and whether they are negotiable?  Do you need to include a representative of the lien holder?  If so, contact the Court immediately.

    2.    Is there valid insurance coverage?  In what amount?  If coverage is at issue, or the amount/type affects settlement value, have you notified the other side?  Do you need to include the representative from more than one company/carrier?  If so, notify the Court immediately.

D.    NEGOTIATIONS

  1.  Where have your last discussions ended?  Are you sure?

  2.  Can you have any discussions before the settlement conference to make it proceed more efficiently?

  3.  What value do you want to start with?  Why?  Have you discussed this with your client?

  4.  What value do you want to end with?  Why?  Have you discussed this with your client?  Is it significantly different from values you have placed on this case at other times?

  5.  Is there confidential information which affects case value?  Why can't/won't/shouldn't it be disclosed?  How can the other side be persuaded to change value if that party doesn't have this information?

  6.  What happens if you don't settle the case at the conference?  What is your best alternative to a negotiated settlement?  Why?

E.    CLOSING

  1.  If settlement is reached, do you want it on the record?

  2.  Have you discussed settlement formats with your client?  Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

  3.  How soon could checks/closing documents be received?

  4.  If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions?  Do you want Court involvement in these talks?

  5.  If settlement is not reached, be prepared to discuss it again at the Final Pretrial Conference.

<u>Participating via Zoom</u>

In order to participate via Zoom, each of you (and any other individual participating) will need to have the Zoom app installed on your computer or smart phone. You can download the app for free at https://zoom.us.

**Zoom device requirements:**

1. An internet-enabled device with a camera and mic, such as a tablet, smartphone, or computer.
2. An internet connection – broadband wired or wireless (3G or 4G/LTE).
3. Speakers and a microphone – built-in or USB plug-in or wireless Bluetooth.
4. A webcam or HD webcam – built-in or USB plug-in.

If you've never used Zoom before, please review the following short instructional videos to become acquainted with the basics:

1. How to Join a Meeting
2. Joining & Configuring Audio & Video
3. If you receive a message that you are waiting for the host to start this meeting, it means that the host has not started the meeting. You have successfully connected to Zoom, and the meeting will begin as soon as the host starts the session.

If there is some reason you or your client cannot participate via Zoom, then please contact Chambers at fashingchambers@nmd.uscourts.gov or call (505) 348-2360 to discuss options.